Adam C. Croff v. Commissioner.
Croff v. Commissioner
Docket No. 60134.
United States Tax Court
T.C. Memo 1957-163; 1957 Tax Ct. Memo LEXIS 88; 16 T.C.M. (CCH) 721; T.C.M. (RIA) 57163; August 27, 1957
*88 Adam C. Croff, 4600 Baltimore Avenue, Philadelphia, Pa., pro se. Joseph N. Ingolia, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner for the year 1952 in the amount of $1,093.43. The questions presented are (1) whether petitioner is entitled to a deduction of $570, which he paid on his son's college expenses; (2) whether certain expenditures made by petitioner were capital expenditures, or ordinary and necessary business expenses; and (3) whether petitioner's business expenses should be decreased by $180 as being an amount allocable to personal expenses. Findings of Fact Petitioner, an individual, is a resident of Philadelphia, Pennsylvania. He filed his income tax return for the year 1952 with the director of internal revenue at Philadelphia. His profession is that of pharmacist, and during the years herein and prior thereto he owned and operated a drug store at 4600 Baltimore Avenue, Philadelphia. The store was located on the ground floor of a three-story brick building petitioner had acquired in 1926. There were several apartments on the second *89 and third floors of the building. Petitioner occupied one apartment, and rented the others. In the operation of the drug store during 1952, petitioner had some assistance from his son, John Graham Croff, who was attending the Philadelphia College of Pharmacy. John worked regular hours on Saturdays and Sundays and during the summer months. Also, during the year when attending college John relieved his father at the dinner hour, and was subject to calls for emergency deliveries. In 1952, John was 29 years of age, and had a wife and three children. They all lived at the home of his father-in-law. During the year petitioner paid his son $10 each week, or a total of $520, for his services. The work during the summer afforded John the hours necessary for compliance with the apprenticeship requirements of the State Board of Pharmacy. During the taxable year petitioner expended $570 for college tuition and books on behalf of his son. On his income tax return for 1952, he claimed a deduction of the $570 as the cost of labor in the operation of the drug store. The $520 was claimed as a deduction for "Services and Miscellaneous" in accounting for and reporting his income from the apartments. *90 The respondent in his determination of deficiency disallowed both deductions. Petitioner claimed exemption credits for himself, his daughter-in-law and his three grandchildren. These claims were not questioned by the respondent in his determination of deficiency. The front of petitioner's building is of the bay window type, with four windows on each of the three floors. The original windows were oval in shape and consisted of wooden sashes and frames. They conformed to the bay which curved approximately 220 degrees. During 1952, the woodwork of the oval windows on the second and third floors had deteriorated to the extent that they were falling apart. Petitioner had the eight windows replaced with rectangular or "straight" windows, with aluminum frames and sashes. They had to be placed inside the building as they could not be curved to the outside. It was necessary to bring the headings down about six inches and the bottoms up three inches, which caused the windows to be shorter and narrower and prevented the window lines from meeting properly. Petitioner expended $563.09 for the installation of the eight windows, which included materials and labor. In addition to and apart from *91 the expenditures for the installation of the windows, petitioner during the taxable year expended $465.07 for repairs to various parts of the apartment building, the major item being the repairing of the flooring in the rear of one apartment. These expenditures were made up of $173.07 for lumber and $292 to the carpenter. On his return, the petitioner deducted the above items as expenses under Repairs, in reporting the income from the apartments. The respondent in his determination disallowed the $563.09 for replacing the windows and the $465.07 above as one item, treating the total of the two items, or $1,028.16, as being the amount expended for "replacing old wooden windows with new metal windows." During the taxable year it was discovered that the front door of the apartment building was binding at the bottom. Upon examination, petitioner's carpenter found a crack in the cellar wall which was supporting the front of the building. The crack extended from the cellar floor to the ceiling, or about seven feet. The cellar wall was sixteen inches thick and of stone construction. The damaged cellar wall was torn out and replaced. A steel beam, resting on an iron column at either end, *92 was used in the new wall. The cost was $1,787.96, which petitioner claimed as a deduction representing repairs. The deduction so claimed was disallowed by the respondent. In 1953, about a year after the work was done on the windows and the front wall, petitioner expended approximately $40,000 in renovating all of the apartments and putting a permastone covering over the outside of the building. Rents were then increased fifty to sixty per cent. In 1929, in connection with the operation of his drug store, petitioner installed equipment and machinery for the purpose of making ice cream. The main part of the installation was in the drug store, but the refrigeration unit was installed in the basement. This unit consisted of brine coils and three motors that pumped the brine. Ammonia was used. In 1949, petitioner expended approximately $1,200 to replace parts and repair the refrigeration unit. During 1952 he replaced the "[ammonia] parts," which were difficult to obtain and prohibitive in costs, with "freon parts." This cost petitioner $427.42. It is not shown on the return where a deduction for this installation was taken by petitioner, but respondent disallowed as a deduction "New *93 refrigeration unit - $427.42." Respondent allowed depreciation on the unit for five months in the amount of $17.86, which was based on the unit's estimated life of ten years. The petitioner resided in one of the apartments above or adjacent to the drug store. The respondent in his determination has reduced petitioner's business deductions by $180, which he attributed to petitioner's personal use of room and utilities. Opinion The respondent now concedes that the petitioner did pay to his son, during the taxable year, a total of $520 for services rendered by the son to his father in the operation of the drug store, and that he erred in disallowing the deduction therefor. As to the $570 paid by petitioner on his son's college tuition and books, it is the petitioner's claim that he was entitled to an exemption credit for his son as a dependent, and since he made no claim therefor in his return, the respondent's disallowance of the $570 was in error. While the petition is not artfully drawn, there does appear in the allegation of facts a statement somewhat similar to the argument now made. Accepting the allegation as raising a dependency exemption issue, the claim, on the record *94 before us, must be denied. The son did not live with the petitioner, but with his father-in-law, and the record is devoid of any proof from which a conclusion could be drawn that petitioner furnished over half of his son's support, even if it be granted that such a dependency exemption credit would otherwise be allowable. The respondent's disallowance of the $570 is accordingly sustained. With respect to the window replacement issue, the facts show that the $465.07 disallowed by the respondent did not relate to the windows at all, but covered the cost of repairs in different parts of the apartment building. In the disallowance of that item, the respondent was in error, and the petitioner is entitled to the deduction claimed. With respect to the cost of removing the old windows and the installation of the new windows, we are of the view that the $563.09 so expended represented a capital expenditure, and the respondent's disallowance of the deduction claimed therefor is sustained. We are also of the view, and hold that the cost of replacing the old stone cellar wall, using a steel beam and iron column supports, was in the nature of a capital outlay, and that the respondent did *95 not err in his disallowance of the deduction claimed therefor. These items were in the nature of betterments and improvements, and do not represent repairs. With respect to the installation of the refrigeration unit, we hold, on the evidence of record, that it was for the purpose of keeping the ice cream machinery in an ordinarily efficient condition, and the petitioner's cost of $427.42 is properly deductible as an ordinary and necessary business expense. Such adjustments for depreciation as are indicated by the rulings above will be made in the computations under Rule 50. The petitioner has not carried his burden of proving that the respondent erred in decreasing his business deductions by $180 and allocating that amount as personal expenses. The disallowance of the $180 as business expense must be sustained. Decision will be entered under Rule. 50.